## No. 11,697.

## SHAW, ET AL. v. BRADY.

Decided December 6, 1926.

Action on promissory note.   Judgment for plaintiff.

*Reversed.*

*On Application for Supersedeas.*

1.  APPEAL AND ERROR—*Parties.*  The rights of a plaintiff for or against whom no judgment was rendered below, and who is not made a party to the writ of error, will not be determined on review.

2.  JUDGMENT—*Promissory Note—Parties.*  No judgment can be legally rendered against the makers of a promissory note in favor of the original payee who has parted with his title thereto before the bringing of the action, there being nothing in the record to show there had been a re-delivery to him before the beginning of the action, or at the time of the trial.

3.  EVIDENCE—*Promissory Note—Ownership.*  The single circumstance that attorney for plaintiff produces at the trial a promissory note upon which the action is brought, is not sufficient to overcome the positive allegations of plaintiff's pleadings and affidavits in his behalf, showing an assignment and delivery by him as the original payee, and which fail to show any reassignment or re-delivery to him.

*Error to the County Court of Delta County, Hon. Frank M. Goddard, Judge.*

Mr. W. H. BURNETT, for plaintiffs in error.

Mr. HARRY W. GUENO, for defendant in error.

*Department Three.*

MR. JUSTICE CAMPBELL delivered the opinion of the court.

IN this action by the payee of a promissory note against the two joint makers judgment was for the plaintiff and defendants bring error. The fourth paragraph of the original complaint avers that the plaintiff payee is the owner and holder of the note. Before the defendants were required to plead to the complaint plaintiff filed his motion for leave to amend the fourth paragraph thereof by making the same read: ''That said promissory note, before maturity thereof, was, for a valuable consideration, assigned and pledged to the North Fork State Bank of Hotchkiss, Colorado, and said note is now held by said Bank under said assignment and pledge, and that no part thereof, either in principal, interest or attorney's fees has been paid.''

It will be observed that the allegation is that the note was assigned and pledged. The endorsement on the back of the note itself is the signature of payee, an unrestricted endorsement. Thereafter the plaintiff payee filed his motion for an order making the North Fork State Bank, the assignee, a party plaintiff, and in the event that the bank refused to be made a party plaintiff or neglected to become such, that it be made a party defendant. The ground of the motion was that the bank was the assignee and pledgee of the note and that, being so interested in the outcome of the action, should be made a party so that the rights and interests of all parties to the note could be determined in the one action. The court ordered that the bank be made a party plaintiff and served with process, to which order the defendants objected. The bank entered what it calls its ''appearance'' as a party plaintiff in which instrument of writing it alleges that the allegations of the complaint are true and correct, and that the note sued on was for a valuable consideration endorsed by the plaintiff and transferred before maturity to it as collateral security for an indebtedness which is past due and has not been paid by the plaintiff. The prayer of the bank was for judgment against the defendants, jointly

and severally, in the full amount of the note. The defendants moved to strike the so-called appearance of the bank from the files, but the court denied the motion. At the same time they filed their demurrer to the complaint of the plaintiff Brady as amended, on three grounds: that the plaintiff has no legal capacity to sue since, according to the averments of the complaint itself, the plaintiff was neither the owner nor holder of the note and is not the real party in interest; that it is ambiguous, unintelligible and uncertain, and does not state facts sufficient to constitute a cause of action. This demurrer was overruled and the defendants excepted. Thereafter the defendants filed their demurrer to the paper of the bank denominated an ''appearance'' on the grounds that it did not state facts sufficient to constitute a cause of action, misjoinder, and that the pleading or appearance sought to set up a new and different cause of action from the one set up in the original complaint and is a departure therefrom. This demurrer seems to have been overruled and thereafter the defendants filed their answer to the complaint of the plaintiff Brady. Plaintiff moved to strike certain parts of the answer from the files, which was granted in part and denied in part. Thereafter the plaintiff bank filed a replication to the answer. Plaintiff Brady also filed a replication. Various other motions and demurrers were filed by the respective parties and it is not clear what disposition was made of them. Upon final hearing before the court without a jury the findings were for the plaintiff Brady against both of the defendants and judgment was rendered for plaintiff against them for about $1,700 and costs. There seems to have been no judgment against defendants in favor of the bank. The bank is not a defendant in error here, the record showing that the defendants below sued out this writ of error and made as a defendant in error the payee plaintiff Brady only. Since the bank, which was a plaintiff below, is not a party to this writ of error, and since

no judgment seems to have been given either for or against it, we do not pass upon its rights, if any, in this controversy.

The foregoing bare recital of the facts presents a most singular situation. We shall disregard the various rulings of the trial court upon the various motions and demurrers and other objections of the defendants, the makers of the note, except the general objection that the complaint, as amended, does not state a cause of action against them in favor of the plaintiff Brady, the only judgment creditor. The original complaint states a cause of action in favor of the plaintiff Brady against both defendants. The amended complaint, and plaintiff Brady's affidavit in support of his application for leave to file an amended complaint, which the court permitted, on their face show that at the time the suit was brought, as well as at the time of the trial, the legal title to the note sued on had, by the unrestricted endorsement of the payee, passed from him and was in the North Fork State Bank, which afterwards was made a party plaintiff in the action. Under our negotiable instrument law an unrestricted endorsement of a negotiable instrument cannot be varied or changed by parol evidence, but if this unrestricted endorsement was in fact not intended to transfer the legal title of the note absolutely, but was merely a transfer as collateral security, the plaintiff payee was not the owner or holder of the note at the time the suit was brought or when the trial was had and judgment rendered in this action in his favor against the defendant makers. Just why the defendants objected to the amendment of the complaint which amendment, when it was allowed, disentitled the plaintiff to a judgment against them, we do not know. But that is not important. The only judgment which is now before us is the judgment rendered in favor of the plaintiff Brady against the makers of this note, notwithstanding the fact that the amended complaint, upon which the trial was had, shows that the plaintiff no longer had any title to or interest in the note, and

was not entitled to a judgment against the defendants. The trial court apparently concluded, even though it had ordered the bank, which held the note as collateral security, to be made a party, that it would not pass upon its rights in the subject matter of the controversy. Be that as it may, we know of no ground upon which a judgment, over the objections of the defendants here, could be rendered against them in favor of the original payee who had parted with his title in the note before the beginning of the action, and when there is nothing in this record that shows there ever had been a redelivery by the pledgee or assignee to the payee either before the beginning of the action or at the time of the trial. The fact that the note was in possession of the attorney for the plaintiff Brady and that he produced it at the trial, might, in different circumstances and upon a different state of facts, be prima facie evidence of redelivery to such plaintiff payee, but since the attorney for the original plaintiff Brady was also the attorney for the bank and appeared for both of the parties as attorney and filed pleadings in their behalf, the single circumstance that this attorney produced the note at the trial is not enough to overcome the positive allegations of the different pleadings filed for both of the plaintiffs and affidavits in their behalf which showed without question an assignment and delivery by the payee to the bank and failed to show any redelivery or reassignment of the pledgee to the payee at any time.

Both parties request a decision on the merits on this application for supersedeas. The application for supersedeas is denied and judgment is reversed and the cause remanded; further proceedings, if any, not to be inconsistent with the views expressed in the opinion. The reversal is without prejudice to another action on the note by the owner of the legal title.

MR. JUSTICE BURKE, sitting as chief justice, and MR. JUSTICE SHEAFOR concur.